**14 CV 3870**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CARLOS ALVAREZ,

        *JUDGE DANIELS*     Plaintiff,

     -v-

THE CITY OF NEW YORK, New York City Police Department Officer ("P.O.") EDWARD WASHA (Shield No. 05942) and P.O. EDGAR CLASES (Shield No. 17447), in their individual capacities,

                   Defendants.

**COMPLAINT AND DEMAND FOR A JURY TRIAL**



-----------------------------------------------------------------x

      Plaintiff CARLOS ALVAREZ, through his attorney DAVID B. RANKIN of Rankin & Taylor, PLLC as and for his complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff CARLOS ALVAREZ's rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally and without any legal basis arrested him. By reason of defendants' actions, including their unreasonable and unlawful seizure of his person, he was deprived of his constitutional rights.

3. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff CARLOS ALVAREZ ("ALVAREZ") was at all times relevant to this action a resident of Bronx County in the State of New York.

8. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. NYPD Officer ("P.O.") EDWARD WASHA (Shield No. 05942) ("WASHA") and P.O. EDGAR CLASES ("CLASES") (Shield No. 017447), hereinafter collectively referred to as "individual defendants," are and were at all times relevant herein, officers, employees, and agents of the NYPD.

10. The individual defendants are being sued herein in their individual capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and

officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

## STATEMENT OF FACTS

12. Mr. ALVAREZ was unlawfully arrested by P.O. WASHA and P.O. CLASES on April 23, 2014, at approximately 3:25 p.m. near 480 Concord Avenue in Bronx County in the State of New York.

13. Mr. ALVAREZ left his apartment building some time after 3:00 p.m.

14. Shortly thereafter, Mr. ALVAREZ was stopped by P.O. WASHA and / or P.O. CLASES who briefly detained Mr. ALVAREZ before allowing him to leave.

15. Some time later, Mr. ALVAREZ was again stopped by the individual defendants.

16. Mr. ALVAREZ was then arrested without cause and searched.

17. Mr. ALVAREZ was then transported to the 40th Precinct Stationhouse.

18. At the Stationhouse, P.O JOHN DOE conducted an invasive search of Mr. ALVAREZ.

19. As a result of his false arrest, Mr. Alvarez spent approximately 24 hours in defendants' custody.

20. Mr. ALVAREZ was charged with Criminal Sale of Marijuana in the 4th Degree, Criminal Possession of Marijuana in the 5th Degree and Unlawful Possession of Marijuana.

21. These charges were based upon the false statements of P.O. WASHA and P.O. CLASES.

22. In fact, at no point did Mr. ALVAREZ posses or sell Marijuana.

23. The charges against Mr. ALVAREZ were adjourned in contemplation of dismissal on April 24, 2014.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
### (Against all Defendants)

24. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

25. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of her rights, privileges and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, including without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the lodging of false charges against him by police officers and (e) freedom from having police officers fabricate evidence against him.

26. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

### SECOND CLAIM FOR RELIEF
### *MONELL* CLAIM AGAINST DEFENDANT CITY – 42 U.S.C. § 1983
### (Against the City of New York)

27. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the

4

unconstitutional conduct alleged herein, to wit, quotas of arrests that police officers were to fulfill.

29. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including defendants P.O. WASHA and P.O. CLASES, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline defendants P.O. WASHA and P.O. CLASES, concerning the proper parties who may be arrested.

30. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

31. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

///

///

## JURY DEMAND

32. Plaintiff demands a trial by jury in this action on each and every one of her damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

    a.    That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation;

    b.    That he be awarded punitive damages against the individual defendants;

    c.    That he be compensated for attorneys' fees and the costs and disbursements of this action; and

    d.    For such other further and different relief as to the Court may seem just and proper.

Dated:    New York, New York
            May 27, 2014

Respectfully submitted,

By: _____
David B. Rankin
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 1007
Ph: 212-226-4507